(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                              SUPERIOR COURT
                                                          CIVIL ACTION
                                                          NO.
                                                          04 01234

Ronald Chiurri ......................., Plaintiff(s)

v.

American Honda Motor Corp. ..., Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Kenneth Martin Kne_, plaintiff's attorney, whose address is 55 Union St., 3rd Fl., Boston MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Norfolk.......... the ......1st.............

day of ....August................, in the year of our Lord two thousand and ........four...............

8/24/04                                    _____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, SS.                           SUPERIOR COURT
                                       CASE NO.:

| | |
|---|---|
| RONALD CHIURRI, <br> Plaintiff | ) <br> ) <br> ) <br> ) COMPLAINT and <br> ) JURY DEMAND |
| v. | ) <br> ) |
| AMERICAN HONDA MOTOR CORP., INC., <br> Defendant | ) <br> ) <br> ) |

## FACTS

1. At all relevant and material times, the Plaintiff Ronald Chiurri was a resident of the town of Westwood, Commonwealth of Massachusetts, County of Norfolk.

2. At all relevant and material times the Defendant American Honda Motor Corp., Inc. (hereinafter "Honda") was a foreign corporation with a resident agent, CT Corporation System, 101 Federal Street, Boston, Massachusetts, doing business in the Commonwealth of Massachusetts including but not limited to manufacturing, distributing and/or selling lawnmowers to the general public, directly or by representative or agent.

3. Prior to July 2, 2003, Honda designed, manufactured, distributed and / or sold a lawnmower identified as a Honda HRC711c TruGear Mid-size Commercial Mower (hereinafter "TruGear Mower") in the U.S..

4. Prior to July 2, 2003, the Plaintiff purchased a TruGear Mower in the Commonwealth of Massachusetts.

5. The TruGear Mower purchased by the Plaintiff was designed, inspected, manufactured and distributed, in whole or in part by the Defendant Honda.

1

6. On or about July 2, 2003, the Plaintiff Ronald Chiurri was unloading the TruGear Mower from his vehicle in the Commonwealth of Massachusetts.

7. At that time, while using the TruGear Mower in a foreseeable manner, the Plaintiff sustained serious injury, including but not limited to a partial digit amputation.

## COUNT I - STRICT LIABILITY
### (Ronald Chiurri v. American Honda Motor Corp., Inc.)

8. The Plaintiff restates the statements and allegations set forth in paragraphs 1-7 as if expressly set forth and rewritten herein.

9. Prior to July 2, 2003, the Defendant Honda offered for sale and sold to the general public in the Commonwealth of Massachusetts, TruGear Mowers which the Defendant represented to be suitable and safe for use.

10. Contrary to the Defendant's representation(s), Honda knew that the TruGear Mowers offered and sold by it were not safe for use.

11. The Defendant, although making such representation that the TruGear Mowers were safe, was aware that the TruGear Mowers had a propensity to cause usesrs to sustain serious injuries.

12. The TruGear Mowers were defective in design, manufacture and / or assembly, causing users to sustain injury.

13. The Defendant, while marketing, manufacturing, distributing and / or selling the TruGear Mower, were or should have been aware that the TruGear Mower purchased and used by the Plaintiff was not safe for use, but instead was, by design, manufacture and / or assembly, dangerous and unsuitable for use.

14. The Defendant either ignored or took steps to suppress information which would show consumers, and specifically the Plaintiff, that the TruGear Mower had propensity to cause injury in certain circumstances.

15. On information and belief, the TruGear Mower's design, manufacture and / or assembly defects have resulted in unsafe incidents resulting in damage.

16. On information and belief, the Defendant knew or should have known that the TruGear Mower was defective in design, manufacture and / or assembly prior to July 2, 2003.

17. Despite the above referenced knowledge, the Defendant refused to remedy the defect and continued to market and sell the TruGear Mower to members of the public for use.

18. The TruGear Mower's design, manufacture and / or assembly defects are conditions which caused the TruGear Mower to be an unreasonably dangerous product.

19. The defects alleged which caused the TruGear Mower to be unreasonably dangerous existed when the TruGear Mower left the sole control of the Defendant, the designer, manufacturer, assembler, and / or distributor of the product.

20. As a direct and proximate result of the Defendant's unreasonably unsafe and defective design, manufacture, and / or assembly, the Plaintiff, Ronald Chiurri, was caused to sustain serious personal injuries including, but not limited to, a partial digit amputation, and has suffered great pain of body and mind, has incurred substantial medical expenses in the and will continue to incur future medical expenses, and has suffered a loss of earning capacity as a result of his injuries and resulting disability.

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant, together with interests and costs.

## COUNT II - NEGLIGENCE
### (Ronald Chiurri v. American Honda Motor Corp., Inc.)

21. The Plaintiff restates the statements and allegations set forth in paragraphs 1-20 as if expressly set forth and rewritten herein, and further states:

22. At all the relevant and material times, the Defendant was under a duty to design, manufacture and / or assemble the TruGear Mower so as to not be unreasonably dangerous to foreseeable users including the Plaintiff, Ronald Chiurri.

23. The Defendant had a duty to warn foreseeable users of the TruGear Mower that the design, manufacture and / or assembly of the product made it potentially and / or actually unsafe for use.

24. The Defendant had a duty to test and research the design, manufacture and / or assembly of the TruGear Mower prior to and after introducing the product into the stream of commerce.

25. The Defendant had a duty to warn foreseeable users of the tendency or potential tendency of the TruGear Mower to cause injury, especially in light of the Defendant's knowledge that the unsafe design of the product may cause the product to cause injury.

26. The Defendant violated its duty of care as to the Plaintiff as a reasonably expectable and foreseeable user of the TruGear Mower by committing one or more of the following negligence acts or omissions:

   a. Failing to design, manufacture and/or assemble the TruGear Mower in a condition which made it reasonably safe for all reasonably foreseeable uses;

   b. Failing to design, manufacture and/or assemble the TruGear Mower so that it was not unreasonably dangerous for all reasonably foreseeable uses;

4

c. Failing to design, manufacture and/or assemble the TruGear Mower in such a manner so that it would not cause injury in the course of reasonably foreseeable use;

d. Failing to adequately and properly test and research the TruGear Mower's propensity to cause injury in the course of reasonably foreseeable use;

e. Failing to issue proper warnings to the general public and to the Plaintiff in particular, so as to properly advise foreseeable users that the TruGear Mower was not reasonably safe for use and to warn of its dangerous propensities;

f. Failing to properly conduct inspections, tests, and / or engineering evaluations of the TruGear Mower prior to releasing it into the stream of commerce;

g. Failing to provide remedial devices for foreseeable users of the TruGear Mower which would render the product reasonably safe for reasonably foreseeable uses;

h. Failing to remedy the propensity of the TruGear Mower to cause injury once the Defendant knew or had reason to know of such propensity;

i. Marketed, distributed and/or sold an unsafe TruGear Mower to the Plaintiff when said Defendants knew or should have known said product was dangerous, not reasonably safe and / or defective in nature and design.

j. Failing to recall the TruGear Mower.

27. As a direct and proximate result of the Defendant's negligence, the Plaintiff, Ronald Chiurri, was caused to sustain serious personal injuries including, but not limited to, a partial digit amputation, and has suffered great pain of body and mind, has incurred substantial medical expenses in the and will continue to incur future medical expenses, and has suffered a loss of earning capacity as a result of his injuries and resulting disability.

5

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant, together with interests and costs.

### COUNT III-BREACH OF EXPRESS WARRANTY
### (Ronald Chiurri v. American Honda Motor Corp., Inc.)

28. The Plaintiff restates the statements and allegations set forth in paragraphs 1-27 as if expressly set forth and rewritten herein, and further states:

29. Prior to July 2, 2003, the Defendants expressly warranted to the general public and the Plaintiff in particular that TruGear Mower was of merchantable quality and fit, safe and suitable for the purposes for which it was designed, manufactured and/or assembled, distributed and sold and that it was free from defects.

30. Prior to July 2, 2003, the Defendant did market the TruGear Mower with representations which showed or indicated to the general public and to the Plaintiff specifically, that the TruGear Mower was safe for use.

31. Such representations included statements that the TruGear Mower was "one of the finest lawn mowers on the market" and that it was a safe product for its intended use.

32. Plaintiff relied on such representations prior to his use of the TruGear Mower.

33. The Defendant by or through its agents gave the Plaintiff such representations when it furnished a Honda HRC711c TruGear Mid-size Commercial Mower "Owner's Manual" at the time of purchase. The Plaintiff was a reasonably expected and foreseeable user of said vehicle.

34. The Defendant's representations that the TruGear Mower was safe for use constitute express warranties which were relied upon by the Plaintiff when purchasing and utilizing the product.

6

35. The defects in the design of the TruGear Mower which caused the product to injure the Plaintiff constitute a breach of any and all express warranties provided in that the product was unsafe, not of merchantable quality, and unfit for its intended and / or expected uses.

36. As a direct and proximate result of the Defendant's breach of express warranties, the Plaintiff, Ronald Chiurri, was caused to sustain serious personal injuries including, but not limited to, a partial digit amputation, and has suffered great pain of body and mind, has incurred substantial medical expenses in the and will continue to incur future medical expenses, and has suffered a loss of earning capacity as a result of his injuries and resulting disability.

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant, together with interests and costs.

### COUNT IV - BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS
(Ronald Chiurri v. American Honda Motor Corp., Inc.)

37. Plaintiff restates the statements and allegations set forth in paragraphs 1-36 as if expressly set forth and rewritten herein, and further states:

38. The Defendant impliedly warranted that the TruGear Mower it designed, manufactured, assembled, distributed and sold would be of merchantable quality and fit for its intended purpose, and that such TruGear Mowers were to be used by the general public.

39. The Plaintiff relied on the Defendant's warranties when purchasing and / or using the TruGear Mower.

40. The Defendant breached its warranties to the general public and the Plaintiff in that the TruGear Mower was not safe and suitable for its intended use and ordinary purpose and / or the Defendant failed to warn of its unsafe condition.

41. The Defendant breached its implied warranties of merchantability by designing, manufacturing, distributing, and / or selling the TruGear Mower when that product contained conditions which rendered it unreasonably dangerous and unsuitable for ordinary use by the general public.

42. As a direct and proximate result of the Defendant's breach of implied warranties of merchantability and fitness and failure to warn, the Plaintiff, Ronald Chiurri, was caused to sustain serious personal injuries including, but not limited to, a partial digit amputation, and has suffered great pain of body and mind, has incurred substantial medical expenses in the and will continue to incur future medical expenses, and has suffered a loss of earning capacity as a result of his injuries and resulting disability.

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant, together with interests and costs.

### COUNT V - VIOLATIONS OF M.G.L. c. 93A
### (Ronald Chiurri v. American Honda Motor Corp., Inc.)

43. Plaintiff restates the statements and allegations set forth in paragraphs 1-42 as if expressly set forth and rewritten herein, and further states:

44. The Plaintiff alleges violations of M.G.L. c. 93A, seeking damages for unfair and deceptive acts or practices in the design, manufacture, distribution and sale of the TruGear Mower.

45. The Defendant, its agents, servants and / or employees, represented that it was a leading and competent designer, manufacturer and / or assembler and dealer of lawnmowers.

46. The Defendants further represented that the TruGear Mowers designed, manufactured, distributed and sold were fit for their particular purpose and were of a merchantable quality.

47. The TruGear Mower's propensity to cause injury due to the product's unreasonably dangerous design and / or manufacture is a breach of the Defendant's implied and express warranties.

48. Pursuant to M.G.L. c. 93A the Defendant's breaches of warranties constitutes an unfair and deceptive act or trade practice.

49. On or about July 31, 2003 the Plaintiff presented written notice of claim to the Defendant which was received by said Defendant, its agents, servants, and/or representatives.

50. Following receipt of the notice of claim, the Defendant, by counsel, was offered opportunities to inspect the subject matter TruGear Mower.

51. On or about March 4, 2004, the Plaintiff presented written notice of the Defendants' violations of M.G.L. c. 93A via certified mail, return receipt requested.

52. The Plaintiff has complied with all prerequisites for commencement of this cause of action.

53. As a direct and proximate result of the Defendant's violations of M.G.L. c. 93A, the Plaintiff, Ronald Chiurri, was caused to sustain serious personal injuries including, but not limited to, a partial digit amputation, and has suffered great pain of body and mind, has incurred substantial medical expenses in the and will continue to incur future medical expenses, and has suffered a loss of earning capacity as a result of his injuries and resulting disability.

WHEREFORE, the Plaintiff requests this Court to enter judgment for the Plaintiff against the Defendant, award damages to the Plaintiff in an amount determined by the Court, treble such amount as provided by MG.L. c. 93A and 176D, award interest, costs and attorney's fees to the Plaintiff, and award such other relief as this Court deems just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,
The Plaintiff, Ronald Chiurri,
By his Attorney,

Kenneth Martin Knee
BBO# 275720
Law Office of Kenneth Martin Knee
55 Union Street, Third Floor
Boston, Massachusetts 02108
(617) 227-5050

Dated: 8/9/04

10