UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11974NG

RONALD CHIURRI,
    Plaintiff,

v.

AMERICAN HONDA MOTOR CO., INC.
    Defendant.

## DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S ANSWER AND AFFIRMATIVE DEFENSES WITH DEMAND FOR JURY TRIAL

Defendant American Honda Motor Co., Inc. ("AHM") (misidentified by plaintiff as American Honda Motors Corp., Inc.) hereby answers the serially numbered counts and paragraphs of plaintiff's Complaint as follows:

1. AHM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Admitted that American Honda Motor Co., Inc. is a California corporation with a principal place of business in California, which distributes Honda products, including Honda lawn mowers. Otherwise, denied in the form alleged.

3. Admitted that American Honda Motor Co., Inc. distributes Honda products, including at one time commercial lawn mowers known as model HRC7113TXA F.J. Otherwise, denied.

4. AHM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Admitted that AHM distributes Honda products including a model HRC7113TXA F.J. Otherwise, denied.

6. AHM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. AHM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## Court I - Strict Liability

8. AHM hereby incorporates its responses to paragraphs 1-7.

9. Denied, except to admit that AHM distributes Honda lawn mowers.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied

17. Denied.

18. Denied.

19. Denied

20. Denied.

The following paragraph appears to be a prayer for relief to which no answer is required.

2

## Count II - Negligence

21. AHM hereby incorporates its responses to paragraphs 1-20.

22. This paragraph does not contain an appropriate allegation of fact, but rather it is argumentative and purports to set forth a conclusion of law concerning the defendant's duty. Therefore no response is required. AHM nonetheless denies the existence of any duty beyond that recognized or imposed by law. Furthermore, any allegations of negligence, breach of implied or express warranty, or strict liability in this paragraph are expressly denied.

23. Denied.

24. This paragraph does not contain an appropriate allegation of fact, but rather it is argumentative and purports to set forth a conclusion of law concerning the defendant's duty. Therefore no response is required. AHM nonetheless denies the existence of any duty beyond that recognized or imposed by law. Furthermore, any allegations of negligence, breach of implied or express warranty, or strict liability in this paragraph are expressly denied.

25. Denied.

26. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

  f.  Denied.

  g.  Denied.

  h.  Denied.

  i.  Denied.

  j.  Denied.

27. Denied.

The following paragraph appears to be a prayer for relief to which no answer is required.

## Count III - Breach of Express Warranty

28. AHM hereby incorporates its responses to paragraphs 1-27.

29. Admitted that certain warranties arise as a matter of law upon sale of a product in Massachusetts. Otherwise, denied in the form alleged.

30. Admitted, except that AHM lacks knowledge or information sufficient to form a belief as to any representations seen, made to, or heard by Plaintiff.

31. Admitted, except that any allegations of negligence, breach of implied or express warranty, or strict liability in this paragraph are expressly denied.

32. AHM lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

33. AHM admits that the model HRC7113TXA J.F. was accompanied by an Owner's Manual at the time of sale. Otherwise, denied in the form alleged.

34. AHM lacks knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent that this paragraph states a legal conclusion, no answer is required.

35. Denied.

36. Denied.

The following paragraph appears to be a prayer for relief to which no answer is required.

## Count IV – Breach of Implied Warranties of Merchantability and Fitness

37. AHM hereby incorporates its responses to paragraphs 1-36.

38. Admitted that certain warranties arise as a matter of law upon sale of a product in Massachusetts. Otherwise, denied in the form alleged.

39. AHM lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

40. Denied.

41. Denied.

42. Denied.

The following paragraph appears to be a prayer for relief to which no answer is required.

## Count V – Violations of M.G.L. c. 93A

43. AHM hereby incorporates its responses to paragraphs 1-42.

5

44. Admitted that Plaintiff has made certain allegations purporting to be pursuant to Massachusetts General Laws Chapter 93A.

45. Denied in the form alleged.

46. Admitted that AHM distributed certain lawn mowers that were fit for a particular purpose and of merchantable quality. Otherwise, denied in the form alleged.

47. Denied.

48. Denied.

49. Admitted that Plaintiff's counsel forwarded a letter dated July 31, 2003 to American Honda Motor Co., Inc., which described Plaintiff's injury and an alleged incident.

50. Admitted that AHM was offered an opportunity to inspect Plaintiff's lawn mower.

51. Admitted that plaintiff's counsel forwarded a letter purporting to be a demand letter pursuant to Massachusetts General Laws Ch. 93A. Denied that plaintiff's letter was a valid demand letter under the applicable statute.

52. Denied.

53. Denied.


The following paragraph appears to be a prayer for relief to which no answer is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or others over whom AHM had no control may have failed to preserve the subject lawn mower in its immediate post-incident condition, causing a spoliation of evidence that has irreparably prejudiced AHM in its defense of this case.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's negligence exceeds the negligence of the defendant, or his right to recover is reduced proportionately by the degree of his own negligence relative thereto.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were caused by a person or entity for whose conduct the defendant is not legally responsible

## FOURTH AFFIRMATIVE DEFENSE

Even if the subject product was defective, which AHM specifically denies, Plaintiff's injuries and damages alleged, if any, were caused by a third party's intentional, knowing, and/or negligent misuse of the product.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted in Counts I and V of Plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's late notice of any alleged breach of warranty prejudiced AHM, wherefore Plaintiff's right to recover is barred.

## SEVENTH AFFIRMATIVE DEFENSE

Process to AHM was insufficient.

## **DEMAND FOR JURY**

AHM hereby demands a trial by jury on all counts triable by jury.

Defendant,
American Honda Motor Co., Inc.
By its attorney,

_____
Peter M. Durney, BBO # 139260
Gregg P. Bailey, BBO # 648259
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
TEL: (617) 482-8100
FAX: (617) 482-3917

## CERTIFICATE OF SERVICE

I, Gregg P. Bailey, attorney for the defendant, American Honda Motor Co., Inc., hereby certify that on the 17th day of September, 2004, a true copy of the foregoing, Defendant American Honda Motor Co., Inc.'s Answer and Affirmative Defenses with Demand for Jury, was served by mail, postage prepaid, directed to:

Kenneth M. Knee, Esq.
Law Offices of Kenneth M. Knee
55 Union Street
Boston, MA 02110

_____
Gregg P. Bailey