## CORNELL & GOLLUB
### ATTORNEYS AT LAW
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 482-8100
TELECOPIER (617) 482-3917
cgmail@cornellgollub.com

DAVID H. SEMPERT
PETER M. DURNEY°+
DAVID W. McGOUGH**+
THOMAS A. PURSLEY◊+
MARIE CHADEAYNE CHAFE^
JAMES P. KERR
PATRICIA A. HARTNETT◊
GREGG P. BAILEY^
MARCI J. SHYAVITZ
CHRISTINE A. KNIPPER
MELANIE M. RAND

OF COUNSEL
PHILIP J. FOLEY*

ROBERT W. CORNELL
(1910-1987)
KARL L. GOLLUB
(1934-1985)

RHODE ISLAND OFFICE

148 MAIN STREET
WAKEFIELD, RHODE ISLAND 02879

TELEPHONE (401) 782-2072
TELECOPIER (401) 782-4941

^ ALSO ADMITTED IN CONNECTICUT
* ALSO ADMITTED IN MAINE
+ ALSO ADMITTED IN NEW HAMPSHIRE
☆ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN PENNSYLVANIA
◊ ALSO ADMITTED IN RHODE ISLAND

September 20, 2004

Civil Clerk's Office
United States District Court for the District
 of Massachusetts
Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

RE:  Ronald Chiurri v. American Honda Motor Co., Inc.
     C.A. No.: 1:04-11974NG

Document:

1.  Certified copy of the pleadings and docket from Commonwealth of Massachusetts, Norfolk Superior Court

Dear Sir/Madam:

Enclosed for filing please find the document described above.

Very truly yours,

Gregg P. Bailey

GPB/sam
Enclosure
cc:    Kenneth M. Knee, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

RONALD CHIURRI,
       Plaintiff,

v.

04-11974 NG

AMERICAN HONDA MOTOR CO., INC.
       Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1441, the defendant, American Honda Motor Co., Inc. notices the removal of the above-referenced matter on the following grounds:

1. Plaintiff, Ronald Chiurri, claimed resident of Massachusetts, has filed a complaint in the Superior Court of the Commonwealth of Massachusetts in Norfolk County, and served a summons on American Honda Motor Co., Inc.. Copies of the summons and complaint are attached hereto as Exhibit A. No other process, pleadings or orders have been served on American Honda Motor Co., Inc. Discovery was served with the Summons and Complaint, but is untimely as the parties have not yet conferred pursuant to Fed. R. Civ. P. 26(f).

2. American Honda Motor Co., Inc. first received the summons and complaint on or about August 24, 2004.

3. American Honda Motor Co., Inc. is a foreign corporation with a principal place of business in California.

4. Removal is authorized by 28 U.S.C. §1441 and is based upon the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the plaintiff and the defendant; the defendant is not a citizen of Massachusetts; and the amount in controversy exceeds $75,000.

5. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court in Norfolk County, and a copy will be served on the plaintiff. A copy of the cover letter to said clerk, which was copied to plaintiff's counsel, is attached as Exhibit B.

6. American Honda Motor Co., Inc. hereby reserves all rights and defenses, and waives none by virtue of this removal.

WHEREFORE, defendant American Honda Motor Co., Inc. respectfully removes this action from the Massachusetts Superior Court in Norfolk County to this Court.

Defendant,
American Honda Motor Co., Inc.
By its attorney,

Peter M. Durney, BBO # 139260
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
TEL: (617) 482-8100
FAX: (617) 482-3917

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
9/17/04

## CERTIFICATE OF SERVICE

    I, Peter M. Durney, attorney for the defendant, American Honda Motor Co., Inc., hereby certify that on the _10th_ day of September, 2004, a true copy of the foregoing Notice of Removal was served by mail, postage prepaid, directed to:

Kenneth M. Knee, Esq.
Law Offices of Kenneth M. Knee
55 Union Street
Boston, MA 02110

_____
Peter M. Durney

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                      SUPERIOR COURT
                                                  CIVIL ACTION NO.: 04-01284


RONALD CHIURRI,
          Plaintiff,

v.

AMERICAN HONDA MOTOR CORP., INC.,
          Defendant.


### NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(d), defendant American Honda Motor Co., Inc. (misidentified as American Honda Motor Corp., Inc.) hereby gives notice to the Superior Court of Norfolk County, Massachusetts, and to Kenneth M. Knee, attorney for plaintiff, that defendant has filed a Notice of Removal, thereby removing the above-captioned action to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal is attached to this Notice.

                              Defendant,
                              American Honda Motor Co., Inc.,
                              By its attorney,

                              _____
                              Peter M. Durney, BBO # 139260
                              Gregg P. Bailey, BBO # 648259
                              CORNELL & GOLLUB
                              75 Federal Street
                              Boston, MA 02110
                              TEL: (617) 482-8100
                              FAX: (617) 482-3917

## CERTIFICATE OF SERVICE

I, Gregg P. Bailey, attorney for the defendant, American Honda Motor Co., Inc., hereby certify that on the 15th day of September, 2004, a true copy of the foregoing Notice of Filing Notice of Removal was served by mail, postage prepaid, directed to:

Kenneth M. Knee, Esq.
Law Offices of Kenneth M. Knee
55 Union Street
Boston, MA 02110

Gregg P. Bailey

Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

# NOCV2004-01284
## Chiurri v American Honda Motor Corp Inc

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/09/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 09/17/2004 | **Session** | B - Civil B | | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 11/07/2004 | **Answer** | 01/06/2005 | **Rule12/19/20** | 01/06/2005 |
| **Rule 15** | 11/02/2005 | **Discovery** | 09/28/2006 | **Rule 56** | 11/27/2006 |
| **Final PTC** | 03/27/2007 | **Disposition** | 08/09/2007 | **Jury Trial** | Yes |

**Plaintiff**
Ronald Chiurri
Active 08/09/2004

**Private Counsel 275720**
Kenneth M Knee
2 Center Plaza
Suite 530
Boston, MA 02108
Phone: 617-227-5050
Fax: 617-227-7107
Active 08/09/2004 Notify

**Defendant**
American Honda Motor Corp Inc
Served: 08/24/2004
Served (answr pending) 08/24/2004

**Private Counsel 139260**
Peter M Durney
Cornell & Gollub
75 Federal Street
Boston, MA 02110
Phone: 617-482-8100
Fax: 617-482-3917
Active 09/13/2004 Notify

| Date | Paper | Text |
|---|---|---|
| 08/09/2004 | 1.0 | Complaint entry fee $275 plff jury claim |
| 08/09/2004 | | Origin 1, Type B05, Track A. |
| 08/09/2004 | 2.0 | Civil action cover sheet filed |
| 08/09/2004 | | average track notice sent to plff attorney |
| 08/14/2004 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 09/01/2004 | 3.0 | SERVICE RETURNED: American Honda Motor Corp Inc(Defendant) in hand, Y. Concepcion, Process Clerk & Agent in charge of CT Corp & its Agent, s/o 8/24/04 |
| 09/13/2004 | | Pleading, Notice of Filing Notice of Removal, returned to Peter M Durney, Esq.: Seal or US District Court docket # is needed |
| 09/17/2004 | 4.0 | Notice of REMOVAL this date to US District Court of Massachusetts(rec'd9/16/04) |



**COMMONWEALTH OF MASSACHUSETTS**
NORFOLK, SS.                                              SUPERIOR COURT
                                                          CASE NO.:

|                                                    |   |                      |
|----------------------------------------------------|---|----------------------|
| RONALD CHIURRI,                                    | ) | 04 0123              |
|     Plaintiff                  | ) |                      |
|                                                    | ) | COMPLAINT and        |
| v.                                                 | ) | JURY DEMAND          |
|                                                    | ) |                      |
| AMERICAN HONDA MOTOR CORP., INC.,                  | ) |                      |
|     Defendant                  | ) |                      |
|                                                    | ) |                      |

## FACTS

1. At all relevant and material times, the Plaintiff Ronald Chiurri was a resident of the town of Westwood, Commonwealth of Massachusetts, County of Norfolk.

2. At all relevant and material times the Defendant American Honda Motor Corp., Inc. (hereinafter "Honda") was a foreign corporation with a resident agent, CT Corporation System, 101 Federal Street, Boston, Massachusetts, doing business in the Commonwealth of Massachusetts including but not limited to manufacturing, distributing and/or selling lawnmowers to the general public, directly or by representative or agent.

3. Prior to July 2, 2003, Honda designed, manufactured, distributed and / or sold a lawnmower identified as a Honda HRC711c TruGear Mid-size Commercial Mower (hereinafter "TruGear Mower") in the U.S..

4. Prior to July 2, 2003, the Plaintiff purchased a TruGear Mower in the Commonwealth of Massachusetts.

5. The TruGear Mower purchased by the Plaintiff was designed, inspected, manufactured and distributed, in whole or in part by the Defendant Honda.

1

6. On or about July 2, 2003, the Plaintiff Ronald Chiurri was unloading the TruGear Mower from his vehicle in the Commonwealth of Massachusetts.

7. At that time, while using the TruGear Mower in a foreseeable manner, the Plaintiff sustained serious injury, including but not limited to a partial digit amputation.

## COUNT I - STRICT LIABILITY
(Ronald Chiurri v. American Honda Motor Corp., Inc.)

8. The Plaintiff restates the statements and allegations set forth in paragraphs 1-7 as if expressly set forth and rewritten herein.

9. Prior to July 2, 2003, the Defendant Honda offered for sale and sold to the general public in the Commonwealth of Massachusetts, TruGear Mowers which the Defendant represented to be suitable and safe for use.

10. Contrary to the Defendant's representation(s), Honda knew that the TruGear Mowers offered and sold by it were not safe for use.

11. The Defendant, although making such representation that the TruGear Mowers were safe, was aware that the TruGear Mowers had a propensity to cause usesrs to sustain serious injuries.

12. The TruGear Mowers were defective in design, manufacture and / or assembly, causing users to sustain injury.

13. The Defendant, while marketing, manufacturing, distributing and / or selling the TruGear Mower, were or should have been aware that the TruGear Mower purchased and used by the Plaintiff was not safe for use, but instead was, by design, manufacture and / or assembly, dangerous and unsuitable for use.

14. The Defendant either ignored or took steps to suppress information which would show consumers, and specifically the Plaintiff, that the TruGear Mower had propensity to cause injury in certain circumstances.

15. On information and belief, the TruGear Mower's design, manufacture and / or assembly defects have resulted in unsafe incidents resulting in damage.

16. On information and belief, the Defendant knew or should have known that the TruGear Mower was defective in design, manufacture and / or assembly prior to July 2, 2003.

17. Despite the above referenced knowledge, the Defendant refused to remedy the defect and continued to market and sell the TruGear Mower to members of the public for use.

18. The TruGear Mower's design, manufacture and / or assembly defects are conditions which caused the TruGear Mower to be an unreasonably dangerous product.

19. The defects alleged which caused the TruGear Mower to be unreasonably dangerous existed when the TruGear Mower left the sole control of the Defendant, the designer, manufacturer, assembler, and / or distributor of the product.

20. As a direct and proximate result of the Defendant's unreasonably unsafe and defective design, manufacture, and / or assembly, the Plaintiff, Ronald Chiurri, was caused to sustain serious personal injuries including, but not limited to, a partial digit amputation, and has suffered great pain of body and mind, has incurred substantial medical expenses in the and will continue to incur future medical expenses, and has suffered a loss of earning capacity as a result of his injuries and resulting disability.

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant, together with interests and costs.

## COUNT II - NEGLIGENCE
### (Ronald Chiurri v. American Honda Motor Corp., Inc.)

21. The Plaintiff restates the statements and allegations set forth in paragraphs 1-20 as if expressly set forth and rewritten herein, and further states:

22. At all the relevant and material times, the Defendant was under a duty to design, manufacture and / or assemble the TruGear Mower so as to not be unreasonably dangerous to foreseeable users including the Plaintiff, Ronald Chiurri.

23. The Defendant had a duty to warn foreseeable users of the TruGear Mower that the design, manufacture and / or assembly of the product made it potentially and / or actually unsafe for use.

24. The Defendant had a duty to test and research the design, manufacture and / or assembly of the TruGear Mower prior to and after introducing the product into the stream of commerce.

25. The Defendant had a duty to warn foreseeable users of the tendency or potential tendency of the TruGear Mower to cause injury, especially in light of the Defendant's knowledge that the unsafe design of the product may cause the product to cause injury.

26. The Defendant violated its duty of care as to the Plaintiff as a reasonably expectable and foreseeable user of the TruGear Mower by committing one or more of the following negligence acts or omissions:

   a. Failing to design, manufacture and/or assemble the TruGear Mower in a condition which made it reasonably safe for all reasonably foreseeable uses;

   b. Failing to design, manufacture and/or assemble the TruGear Mower so that it was not unreasonably dangerous for all reasonably foreseeable uses;

4

    c. Failing to design, manufacture and/or assemble the TruGear Mower in such a manner so that it would not cause injury in the course of reasonably foreseeable use;

    d. Failing to adequately and properly test and research the TruGear Mower's propensity to cause injury in the course of reasonably foreseeable use;

    e. Failing to issue proper warnings to the general public and to the Plaintiff in particular, so as to properly advise foreseeable users that the TruGear Mower was not reasonably safe for use and to warn of its dangerous propensities;

    f. Failing to properly conduct inspections, tests, and / or engineering evaluations of the TruGear Mower prior to releasing it into the stream of commerce;

    g. Failing to provide remedial devices for foreseeable users of the TruGear Mower which would render the product reasonably safe for reasonably foreseeable uses;

    h. Failing to remedy the propensity of the TruGear Mower to cause injury once the Defendant knew or had reason to know of such propensity;

    i. Marketed, distributed and/or sold an unsafe TruGear Mower to the Plaintiff when said Defendants knew or should have known said product was dangerous, not reasonably safe and / or defective in nature and design.

    j. Failing to recall the TruGear Mower.

27. As a direct and proximate result of the Defendant's negligence, the Plaintiff, Ronald Chiurri, was caused to sustain serious personal injuries including, but not limited to, a partial digit amputation, and has suffered great pain of body and mind, has incurred substantial medical expenses in the and will continue to incur future medical expenses, and has suffered a loss of earning capacity as a result of his injuries and resulting disability.

5

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant, together with interests and costs.

### COUNT III-BREACH OF EXPRESS WARRANTY
(Ronald Chiurri v. American Honda Motor Corp., Inc.)

28. The Plaintiff restates the statements and allegations set forth in paragraphs 1-27 as if expressly set forth and rewritten herein, and further states:

29. Prior to July 2, 2003, the Defendants expressly warranted to the general public and the Plaintiff in particular that TruGear Mower was of merchantable quality and fit, safe and suitable for the purposes for which it was designed, manufactured and/or assembled, distributed and sold and that it was free from defects.

30. Prior to July 2, 2003, the Defendant did market the TruGear Mower with representations which showed or indicated to the general public and to the Plaintiff specifically, that the TruGear Mower was safe for use.

31. Such representations included statements that the TruGear Mower was "one of the finest lawn mowers on the market" and that it was a safe product for its intended use.

32. Plaintiff relied on such representations prior to his use of the TruGear Mower.

33. The Defendant by or through its agents gave the Plaintiff such representations when it furnished a Honda HRC711c TruGear Mid-size Commercial Mower "Owner's Manual" at the time of purchase. The Plaintiff was a reasonably expected and foreseeable user of said vehicle.

34. The Defendant's representations that the TruGear Mower was safe for use constitute express warranties which were relied upon by the Plaintiff when purchasing and utilizing the product.

6

WHEREFORE, the Plaintiff requests this Court to enter judgment for the Plaintiff against the Defendant, award damages to the Plaintiff in an amount determined by the Court, treble such amount as provided by MG.L. c. 93A and 176D, award interest, costs and attorney's fees to the Plaintiff, and award such other relief as this Court deems just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,
The Plaintiff, Ronald Chiurri,
By his Attorney,

Kenneth Martin Knee
BBO# 275720
Law Office of Kenneth Martin Knee
55 Union Street, Third Floor
Boston, Massachusetts 02108
(617) 227-5050

Dated:

A TRUE COPY
Attest: _____ 9/17/04
Deputy Assistant Clerk

10

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04 01234 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) Ronald Chiurri | DEFENDANT(S) American Honda Motor Corp., Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Kenneth Knee, Law Office of KM Knee, 55 Union St. 3Fl, Boston, MA 02108 617-227-5050 Board of Bar Overseers number: 275720 | ATTORNEY (if known) |

B

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | (A) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. approx. $3,000
2. Total Doctor expenses ................................................... $pending
3. Total chiropractic expenses ............................................. $n/a
4. Total physical therapy expenses ......................................... $pending
5. Total other expenses (describe) ......................................... $pending
                                                              Subtotal $pending

B. Documented lost wages and compensation to date ........................... $pending
C. Documented property damages to date ...................................... $n/a
D. Reasonably anticipated future medical and hospital expenses .............. $pending
E. Reasonably anticipated lost wages ........................................ $pending
F. Other documented items of damages (describe)
                                                                       $pending
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The Plaintiff, Ronald Chiurri, while using a Honda HRC711c TruGear Mid-size Commercial Mower in a reasonably forseeable manner, sustained serious personal injury including but not limited to a  $............
partial finger amputation of his right, dominant hand. The    TOTAL $.PENDING...
Complaint contains five counts, including violation of M.G.L ch. 93A, which could result in treble damages.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 8/2/04

A TRUE COPY

Attest: _____ Deputy Assistant Clerk   8/12/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 04 01231

Ronald Chiurri ......................., Plaintiff(s)

v.

American Honda Motor Corp. ......................., Defendant(s)

RECEIVED & FILED 9/1/04
**CLERK OF THE COURTS**
NORFOLK COUNTY

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Kenneth Martin Kne__, plaintiff's attorney, whose address is 55 Union St., 3rd Fl., Boston MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at Norfolk........... the ......1st..............
day of ......August......, in the year of our Lord two thousand and ......four......

Clerk.

A TRUE COPY
Attest: _____
Deputy Assistant Clerk 9/17/04

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

Law Office Of
Kenneth Martin Knee

55 Union Street
Third Floor
Boston, Massachusetts 02108

(617) 227-5050
(508) 588-5500

Facsimile
(617) 227-7107

August 31, 2004

Civil Clerk's Office
Norfolk Superior Court
650 High Street
Dedham, Massachusetts 02026

RE: Ronald Chiurri v. American Honda Motor Corp., Inc.
Norfolk Superior Court – Civil Action # 04-01284

Dear Sir or Madam,

Enclosed please find return of service for the Defendant in the above referenced case.

Kindly file same.

Your attention to the enclosed is very much appreciated.

Sincerely,

*Maura Crowley*
Maura Crowley
Associate Attorney