UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11974-NG

RONALD CHIURRI,
    Plaintiff,

v.

AMERICAN HONDA MOTOR CO., INC.
    Defendant.

## JOINT STATEMENT OF THE PARTIES
## PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to United States District Court Local Rule 16.1(D), the parties propose the following schedule for the subject litigation:

### I. STATEMENT OF FACTS

This is a product liability action brought by Plaintiff, Ronald Chiurri, for injuries he allegedly sustained on or about July 2, 2003, while operating a lawn mower allegedly designed, manufactured, sold, and/or distributed by defendant American Honda Motor Co., Inc. Plaintiff alleges that he was using the lawn mower in a foreseeable manner when he sustained a partial digit amputation. Plaintiff's Complaint sounds in product liability with Counts for Strict Liability, Negligence, Breach of Express Warranty, Breach of Implied Warranties of Merchantability and Fitness, and Violation of Massachusetts General Laws chapter 93A. Defendant denies those allegations, has asserted Affirmative Defenses, and demands a jury trial.

### II. JOINT DISCOVERY PLAN AND FILING OF MOTIONS

1. Discovery shall be completed by August 15, 2005.

2.  All motions pursuant to Fed. R. Civ. P. 12, 15, 19, and 20 shall be filed no later than June 1, 2005.

3.  Discovery shall commence on October 15, 2004. All requests for production of documents pursuant to Fed. R. Civ. P. 34, all interrogatories propounded pursuant to Fed. R. Civ. P. 33, and all requests for admission pursuant to Fed. R. Civ. P. 36 shall be served no later than April 1, 2005. All answers/responses to the written discovery indicated above, other than expert discovery, shall be served no later than May 15, 2005.

4.  All factual depositions (non-expert witnesses) shall be concluded no later than April 1, 2005.

5.  Plaintiff's counsel agrees to provide all of the medical records of plaintiff, which are presently due under Local Rule 35.1 no later than October 15, 2004.

6.  The number of non-expert depositions that each side may take is limited to 7, exclusive of any Keeper of Records depositions.

7.  Plaintiff shall identify his experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before June 1, 2005.

8.  Defendant shall identify its experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before July 15, 2005.

9.  The experts may be deposed. The parties shall pay reasonable expert fees as provided for under Rule 26a(4)(C). The parties agree to discuss further the location of expert depositions with the understanding that, if agreement may not be reached, an appropriate motion will be filed at that time. Plaintiff's experts shall be deposed by June 15, 2005. Defendant's experts shall be deposed by August 15, 2005.

10. Any discovery motions under Rule 37 shall be filed on or before June 15, 2005.

11. All dispositive motions, including motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed on or before October 1, 2005.

12. A final pretrial conference shall be scheduled by the Court on or some time following October 1, 2005.

13. The parties expect to be ready for trial by November 1, 2005.

### III. TRIAL BEFORE A MAGISTRATE

The parties do not, at this time, consent to having this case tried before a magistrate, but would respectfully defer that decision, if possible.

### IV. CERTIFICATIONS

The parties' counsel have conferred with their clients as to establishing a budget or cost for the litigation and with respect to ADR programs. Certificates Pursuant to Local Rule 16.1(D)(3) are to be filed under separate cover by each party.

Plaintiff,
Ronald Chiurri,
By His Attorney,
Kenneth M. Knee, BBO # 275720
Law Offices of Kenneth M. Knee
55 Union Street
Boston, MA 0210

Defendant,
American Honda Motor Co., Inc.
By Its Attorneys,
Peter M. Durney, BBO # 139260
Gregg P. Bailey, BBO # 648259
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110

## CERTIFICATE OF SERVICE

I, Gregg P. Bailey, attorney for the defendant, American Honda Motor Co., Inc., hereby certify that on the __1st__ day of October 1, 2004, a true copy of the foregoing, Joint Statement of the Parties Pursuant to Local Rule 16.1(D), was served by mail, postage prepaid, directed to:

Kenneth M. Knee, Esq.
Law Offices of Kenneth M. Knee
55 Union Street
Boston, MA 02110

Gregg P. Bailey